UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE OWENS,

    Applicant,

v.                                     CASE NO. 8:24-cv-2198-SDM-TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

    Owens applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for armed robbery, carrying a concealed firearm, and possessing a firearm by a convicted felon, for which he is imprisoned for life. An earlier order (Doc. 3) determines that Owens's application is untimely to challenge his 2005 state court convictions, specifically, that his "one-year limitation expired in December 2020 even without accounting for un-tolled time that passed during the preceding nearly fifteen years[, and c]onsequently, the pending application is at least four years late." (Doc. 3 at 2–3) The order directs Owens to show cause why federal review is not barred.

    Instead of addressing the untimeliness of the application, in response (Doc. 8) Owens argues the merits of his underlying grounds and asserts entitlement to review under the manifest injustice exception to the limitation. The earlier order explains

(Doc. 3 at 4) that the manifest injustice exception requires (1) evidence proving that Owens is "actually innocent" of the criminal offense, that is, that he is factually innocent of the offense, and (2) evidence that is new and so convincing of innocence that "no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006). Owens's arguments meets neither requirement, and he must meet both requirements to qualify for the manifest injustice exception.

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must close this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Owens is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Owens must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to show that reasonable jurists would

"find debatable" either the merits of the grounds or the procedural issues, Owens is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Owens must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 30, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE